UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW LANEAVE,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>JULIO CALDERIN, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-00347-GMN-BNW<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING SERVICE OF PROCESS<br><br>(ECF No. 1) |

　　　　This action began with a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by state prisoner Plaintiff Matthew Laneave. (ECF No. 1-1). Plaintiff later filed a First Amended Complaint. (ECF No. 3). And Plaintiff has applied to proceed *in forma pauperis*. (ECF No. 1). Based on the information provided in the application, the Court finds that Plaintiff is unable to prepay the full $350 filing fee in this action. The Court will therefore grant the application.

　　　　On June 3, 2022, the Court entered an order screening the First Amended Complaint. (ECF No. 4). The screening order permitted claims to proceed against some defendants and imposed a 90-day stay for the parties to attempt to settle their dispute. (*Id.* at 10–11). The Court entered a subsequent order assigning the parties to mediation by a court-appointed mediator. (ECF No. 6). The parties did not settle at their mediation conference. (ECF No. 8). So this action must proceed on the normal litigation track.

　　　　**IT IS THEREFORE ORDERED** that:

　　　　1.　　The application to proceed *in forma pauperis* (ECF No. 1) is granted. Pauper status doesn't relieve Plaintiff of his obligation to pay the full $350 filing fee under the statute; it just means that he can do it in installments. Plaintiff is not required to pay an initial installment of the filing fee. And Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security. But the full filing fee must still be paid under 28 U.S.C. § 1915(b)(2) even if this action is dismissed.

3. To ensure that Plaintiff pays the full filing fee, the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Matthew D. Laneave, #1065302** (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

4. Service must be perfected within 90 days from the date this order is entered as required under Federal Rule of Civil Procedure 4(m).

5. Subject to the findings of the screening order (ECF No. 4), within 21 days from the date this order is entered, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service, (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file under seal—but shall not serve the inmate Plaintiff—the last known address of any defendant for whom it has such information. If the last known address of any defendant is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address.

6. If service cannot be accepted for any of the named defendants, Plaintiff must file a motion identifying any unserved defendant, requesting issuance of a summons, and specifying a full name and address for the unserved defendant. As for any defendant for whom the Attorney General has not provided last-known-address information, Plaintiff must provide the full name and address for the defendant.

7. If the Attorney General accepts service of process for any named defendant, such defendant must file and serve an answer or other response to the First Amended Complaint (ECF No. 3) within 60 days from the date this order is entered.

8. Plaintiff must serve upon all defendants or, if an appearance has been entered by counsel, upon their attorneys, a copy of every pleading, motion or other document that Plaintiff submits for consideration by the Court. If Plaintiff electronically

files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Plaintiff mails the document to the Court, he must include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

9. This case is no longer stayed.

10. The Clerk of the Court is directed to:

- Electronically serve a copy of this order and a copy of the First Amended Complaint (ECF No. 3) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service; and

- Send a copy of this order to (1) the Finance Division of the Clerk's Office and (2) the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

DATED: October 17, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE